DAVID HONE, Appellant, *vs.* WILLIAM WOODRUFF, Respondent.

HERTZELL & BURRISS, Appellants, *vs.* WILLIAM WOODRUFF, Respondent.

Whether Covenants are dependant or independent must always depend upon the intention of the parties, as it may be gathered from the stipulations or covenants contained in the agreement.

And where the intention is doubtful,—the nature of the transaction, the purpose and object of the parties, and the obvious effect of the stipulation of each party in regard to the time of the performance, must be considered together, in order to determine what must have been their intention.

Where a party seeks to vitiate a Contract on the ground of false representations, it must appear that such false statements had relation to matters existing at the time they were made or prior to that time, and must also have been in part the inducement of the Plaintiff to make the contract, or they cannot vitiate it.

The loose conversations of a party to a Contract, prior to making the agreement, can not be considered upon the question of consideration. The presumption of law is that the prior conversations upon the subject of the contract were merged in the writing.

APPEALS FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

These two actions were commenced in the District Court of Washington County, by Bill in Chancery, by differents parties Complainants against the same Defendant (William Woodruff), to cancel certain deeds of conveyance for town-lots in the town of Point Douglas, upon the ground that the same were obtained by false and fraudulent representations.

The facts and issues in each case are the same, and the causes were submitted upon the same points and arguments. The Opinion contains sufficient reference to the history of the causes to enable us to understand the issues.

The District Court denied the relief sought in the Bill of Complaint, and the Complainants appealed to the Supreme Court.

The following are the points and authorities relied upon by Appellants:

*First.* A party to a deed of conveyance or other contract

or agreement for the sale of real-estate may show that the consideration named in such instrument or conveyance was not the actual consideration paid or to be paid, and that a different consideration from the one named moved the parties to the execution thereof: or that no consideration actually passed from the grantee to the grantor, or that the consideration for which the instrument was executed and therein named has wholly failed; and parol evidence is admissible and competent to vary, contradict or explain the consideration clause expressed in the instrument.

*Second.* The evidence fully establishes actual fraud on the part of the Defendant as charged in the bill, which renders the deed from the Plaintiffs to the Defendant voidable, if not actually void, and clearly entitled the Complainants to the relief demanded in the bill. Where a vendee, by his acts and representations, be guilty of a fraud in procuring a title to land, no title in equity passes to him: and courts of equity will relieve the vendor from the effect of the deed.

*Third.* Upon the general principle of equitable relief, when the bill seeks that a contract or deed may be rescinded or cancelled, or the title passed by decree, parol evidence is admissible to prove circumstances and facts inconsistent with and contradicting the terms of the deed, for the purpose of establishing the fraud, to entitle the Complainant to relief.

*Fourth.* Upon the evidence, the Complainants are clearly entitled to the relief demanded in the complaint.

See: 16 *Wendell's Rep.* p. 460, *McCrea vs. Purmort et. al.;* 14 *Johnson's Rep.* p. 210, *Sheppard vs. Little;* 1 *Comstock's Rep.* p. 509, *Bingham vs. Sutherland et al.;* 3 *Taunton's R.* p. 473, *Rex vs. Inhab. of Seam.;* 20 *Johnson's Rep.* p. 338, *Bowen vs. Bell;* 7 *Pickering's Rep.* 533, *Ballard vs. Briggs;* 4 *N. H. R.* p. 229, *Morse vs. Shattuck;* 3 *ibid,* p. 170, *Scoby vs. Blanchard;* 4 *ibid.* p. 397, *Pritchard vs. Brown;* 8 *Cowen's Rep.* p. 304, *Belden vs. Seymour;* 6 *Green. (Me.) Rep.* p. 364, *Schillinger vs. McCann;* 20 *Pickering's Rep.* p. 247, *Clapp vs. Tirrell;* 17 *Mass. Rep.* pp. 249, 257, *Wilkinson vs. Scott;* 8 *Conn. Rep.* p. 314; 6 *Yerg.* p. 75; 10 *ibid,* p. 121; 10 *ibid,* p. 206; 15 *Me. Rep.* p. 332; 3 *ibid,* p. 332; 1 *A. K. Marshall,* p. 500; *Harrington's Ch. Rep.* p. 279; 7 *Paige's Ch.*

*R. p.* 390; 5 *Johns. Ch. Rep. p.* 174; 1 *Paige's Ch. Rep. p.* 284; 2 *Story's Eq. Juris. secs.* 695, 700.

The following are the points and authorities relied upon by the Appellees:

*First.* The Plaintiffs' witnesses prove a compliance on the part of the Defendant with the terms of his written contract sufficient to entitle him to a deed.

*Second.* Part testimony to conversation between the parties to a written contract occurring prior to, at the time of, or subsequent to the execution of the contract, is inadmissible to vary or contradict the terms of such contract. 1 *Greenleaf's Evidence* (4th Ed.) *p.* 351; *Preston vs. Merceau,* 2 *W. Bl. p.* 1249; *Coker vs. Guy,* 2 *B. & P. pp.* 565, 569; *Sinclair vs. Stevenson,* 1 *C. & P.* 582; *Bogert vs. Cariman, Anthon's R. p.* 70; *Bayard vs. Malcolm,* 1 *Johns.* 467; *McClelland vs. Cumberland Bank,* 11 *Shep.* 566; *Shankland vs. Corporation of Washington,* 5 *Peters,* 390; *Hunt vs. Rousman,* 8 *Wheat.* 174; *Randall vs. Phillips,* 3 *Mason's C. C. R.* 378; *Gilpin vs. Conequa, Peters' C. C. R.* 85; *Taylor vs. Riggs,* 1 *Peters,* 596; *Story's Eq. Juris.* 2d vol. sec. 1527, *p.* 994.

*Third.* When an act is to be done by one party *before* another act, which is the consideration of it, is to be done by the other, the covenants to do such acts are independent. *Tileson vs. Newell,* 13 *Mass.* 410; *Cinch vs. Ingersoll,* 2 *Pick.* 300; *Goodwin vs. Holbrook,* 4 *Wend.* 377; *Cunningham vs. Murrell,* 10 *Johns.* 145; *Craddocks vs. Aldridge,* 2 *Bibb,* 15; *Mullins vs. Cabness, Minor,* 21; *Platt on Costs,* 38; *Tompkins vs. Elliot,* 5 *Wend.* 496; *Tileson vs. Newell,* 13 *Mass.* 410; *Muldun vs. McClelland,* 1 *Sett.* 1.

*Fourth.* The relief sought by the Plaintiffs, under the facts of the case, would be contrary to the principles of equity, and violate the maxim that "he who seeks equity must do equity." 1 *Story's Eq.* sec. 64, *p.* 76; *ibid,* secs. 64, 76, 77.

AMES & VAN ETTEN, Counsel for Appellants.

HOLLINSHEAD & BECKER, Counsel for Respondents.

Hone *v.* Woodruff.

*By the Court.*—SHERBURNE, J.—These causes depend upon the same facts and are disposed of as one.

On the ninth day of May, 1850, the Plaintiff entered into an agreement in writing under seal, with the Defendant, whereby in " consideration of the benefits and profits arising from " the erection of a steam saw-mill on the premises hereby con- " veyed by this title bond," &c., he agreed to convey to the Defendant   certain lots of land therein described, " so " soon as the building for said mill shall be commenced and a " portion of the machinery on the ground." It appears as well from the bill as from the testimony introduced by the complainant, which is not contradicted, that the Defendant commenced the woodwork of said mill and brought on the ground a portion of the machinery according to the terms of the agreement, and that, thereupon, the conveyances were made to the Defendant, according to the stipulation on the part of the Plaintiff. It is also in evidence, introduced by the complainant, that the Defendant continued to go on with the work of building the mill after the said conveyances were made, and completed the same, and put in operation. But that in consequence of some failure in the machinery, the mill run but a short time, and that the Defendant soon after abandoned it and caused a part of it to be taken away. It also appears that he lost several thousand dollars by the operation.

The relief prayed for in the bill is to have the deed of the lots, from the Plaintiff to the Defendant, cancelled. The counsel of both parties have discussed the question very fully, of whether the covenants in the original agreement were dependant or independent. It seems to us that this question is wholly immaterial upon the facts of the case. The Plaintiff cannot object that he might, by the terms of the contract, have delayed making his deed till the mill was completed, for he waived it by his voluntary act. He made the deed as stipulated, and must have chosen his own time. But if it were otherwise, can there be any question as to the intention of the parties as expressed in the contract? Whether covenants are dependent or independent must always depend upon the intention of the parties as it may be gathered from the stipulations or covenants contained in the agreement. It often happens, owing to

the looseness with which agreements are sometimes drawn, that the intention of the parties is doubtful; and in such cases the nature of the transactions, the purpose and object of the parties, and the obvious effect of the stipulations of each party in regard to the time of the performance, must be considered together, in order to determine what must have been the real intention.

But in the cause before us there is no such uncertainty. The owner of the lots conveyed to the Defendant was the owner of other real estate at the same point. He was willing to give a portion of it in consideration of such improvements as would enhance the value of the portion which he retained. The Defendant was willing to make the improvements for the consideration mentioned, but he required that the conveyances should be made to him before he had completed them. Accordingly, it was agreed that they should be made when he had made the progress in the mills already stated. He did what he was required to do, before receiving the deeds. The complainant was then bound to execute them by the plain terms of the written agreement. There is nothing in the agreement admitting even of a doubt. The covenants were independent. The commencement of the building of the mill and bringing a portion of the machinery on the ground was a condition precedent to the conveyance, and having been performed, a Court would have decreed a conveyance. The Plaintiff performed what he was bound to do by his covenants, and nothing more. In any view of the matter the complainant cannot be aided by this point in the case. *Tileson vs. Newall*, 13 *Mass. R.* 410 ; *Couch vs. Ingersoll*, 2 *Pick.* 300.

But the gravimen of the charge is, that the original agreement was obtained by the Defendant by fraud and fraudulent statements. It is undoubtedly true that fraud vitiates contracts, and that a Court of Equity may, so far as possible, give such direction to the matter as will protect those who have been injured by the fraud. But this must be done within those rules which have been established by statute and judicial authority.

The argument of the Plaintiff proceeds upon the ground that the Defendant procured the original agreement to be made by

a fraudulent misrepresentation of facts, and claims that for this reason the deed or deeds made under the agreement should be cancelled. But however correct the conclusion may be, as drawn from the premises stated, the fraud is not proved. The false statements must have had relation to matters existing at the time they were made, or prior to that time, and must also have been, in part, the inducement for the Plaintiff to make the contract, or they cannot vitiate it. The willful misrepresentation of material facts is one thing, and the failure to fulfill a promise is another. The loose conversation of the Defendant prior to making the agreement, as alleged in the bill, cannot be considered. The statement of the Defendant, that he should come to Point Douglas to reside, and induce others to come, &c., was not a misrepresentation of any fact; and even if it can be considered as a part of the consideration of the agreement, it was only a promise to be fulfilled subsequently, and cannot affect the deed. There is no doubt that the consideration of a deed may be inquired into, but it does not follow, because the formal receipt in it 'is not conclusive evidence of the payment of the consideration, that the deed itself is void or voidable, by proof of non-payment. But in this case the contract was reduced to writing, and there is no reason appearing from all the facts sufficient to warrant a presumption that all the stipulations and considerations regarded by the parties at the time, were not put in writing. The presumption of law is that the prior conversations upont he subject of the contract were merged in the writing, and there is nothing in this case to take it out of the general rule. *See* 1 *Greenleaf's Evidence, sec.* 275.

Admitting, then, that the written agreement required the Defendant to build the mill and keep it in operation, how does the case stand? The answer must be that he has failed to perform, and has not, therefore, paid the full consideration of the conveyances to him. The remedy of the Plaintiff is by an action, to compel performance on the part of the Defendant, or for the recovery of damages, or both. Taking the strongest view of the facts assumed even by the Plaintiff, and there is no such fraud shown by the evidence as can vitiate the deed of the real estate to the Defendant. At worst it was only a

promise which the Defendant did not intend to fulfil. The case, however, shows conclusively that he did originally intend to perform, to the extent of his agreement. A large proportion of his expenses in building the mill were incurred after he had received the conveyances which are sought to be cancelled. He proceeded to the entire completion of the mill and put it in operation. It failed in consequence of some defect in the machinery, and he was subjected to a heavy loss by the operation. The facts are so far from proving fraud that they prove entire good faith on the part of the Defendant in entering into the original agreement. In no view of the case, can the bill be sustained; for whatever might have been the original intention of the Defendant, there are no facts in the case which authorize a cancelling of the deed.

[Judgment below affirmed.]